IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

JANE DOE, et al.,

                Plaintiffs,

v.                                                    CIVIL ACTION NO.  5:14-cv-23501

RES-CARE, INC., et al.,

                Defendants.

**ORDER**

Upon careful review of the pleadings in the above-styled matter, the Court observes that federal diversity jurisdiction has not been established.  This action must, therefore, be remanded to the Circuit Court of Greenbrier County, West Virginia.

The Plaintiff initiated this case via a *Complaint* (Document 1-1) filed in the Circuit Court of Greenbrier County, West Virginia, on March 27, 2014.  Defendant ResCare filed a *Petition for Removal* (Document 1) on July 14, 2014, shortly after learning that co-Defendant Matt Blair was a Virginia resident.  The Plaintiffs later filed an *Amended Complaint* (Document 43).  The petition for removal asserts that this Court enjoys original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).

Diversity jurisdiction generally requires that no plaintiff be a citizen of the same state as any defendant and that the amount in controversy be in excess of $75,000.  28 U.S.C. § 1332(a)(1); *Cent. W.Va. Energy Co. v. Mt. St. Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) (establishing that, except for certain class actions, Section 1332 requires complete diversity among

parties). A corporation is a citizen of its state(s) of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). "Principal place of business" means the nerve center of the corporation, "where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

The Plaintiffs are West Virginia residents (Compl. at ¶ 1; Pet. for Removal at ¶ 3). Defendant Matt Blair is a Virginia resident. (Pet. for Removal at ¶ 5.). Defendant ResCare is "a corporation organized and existing under and by virtue of the laws of the State of Kentucky." (*Id.* at ¶ 4.) The Defendant further asserted that the amount in controversy would exceed $75,000. (*Id.* at ¶ 10.) However, neither party has alleged Defendant ResCare's principal place of business.

Diversity of citizenship must be established at the time of removal. *Higgins v. E.I. Dupont de Nemours & Co.*, 863 F.2d 1162, 1166 (4th Cir.1998).[1] It is the long-settled principle that the party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal the court's jurisdiction over the matter, and of demonstrating jurisdiction by a preponderance of the evidence if challenged. *Strawn et al. v. AT&T Mobility, LLC et al.*, 530 F.3d 293, 296 (4th Cir. 2008); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). Further, because removal by its nature infringes upon state sovereignty, this Court must "resolve all doubts about the propriety of removal in favor of retained state jurisdiction." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999).

As a corporation, ResCare is a citizen of both the state in which it is incorporated and the state in which it has its principal place of business. For this Court to exercise jurisdiction,

---

[1] The Court notes that the Amended Complaint, filed after removal, also fails to allege a principal place of business for ResCare.

therefore, it would need to find that ResCare was neither incorporated in West Virginia nor had a principal place of business in West Virginia. Absent some assertion from either party as to ResCare's principal place of business, this Court lacks jurisdiction.

Wherefore, following careful consideration and for the reasons stated herein, the Court **ORDERS** that this matter be **REMANDED** to the Circuit Court of Greenbrier County, West Virginia.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the Circuit Court of Greenbrier County, West Virginia, to counsel of record and to any unrepresented party.

ENTER: January 20, 2015

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA